## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| iROBOT CORPORATION, *et al.*, [1] | ) Case No. 25-12197 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DECLARATION OF SELWYN PERRY OF
## STRETTO, INC. REGARDING THE SOLICITATION
## AND TABULATION OF VOTES ON THE JOINT PREPACKAGED
## CHAPTER 11 PLAN OF REORGANIZATION OF
## IROBOT CORPORATION AND ITS DEBTOR AFFILIATES

I, Selwyn Perry, hereby declare under penalty of perjury that the following is true and correct:

1.     I am a Director at Stretto, Inc. ("Stretto"), which has offices located at 410 Exchange, Suite 100, Irvine, California 92602.  I am over the age of 18 and competent to testify.  I do not have a direct interest in the chapter 11 cases (these "Chapter 11 Cases") and should be considered an impartial party.  I am duly authorized to submit this declaration (this "Declaration") on behalf of Stretto.

2.     On the date hereof, the Debtors filed an application with the United States Bankruptcy Court for the District of Delaware (the "Court") appointing Stretto, Inc. ("Stretto") as their claims and noticing agent.  The Debtors intend by separate application to seek authority to retain and employ Stretto as the administrative agent in these Chapter 11 Cases, including requesting authority for Stretto to, among other things, serve solicitation materials and tabulate

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: iRobot Corporation (9335); iRobot US Holdings, LLC (5237); and iRobot Holdings LLC (5307). For purposes of these chapter 11 cases, the Debtors' service address is 8 Crosby Drive, Bedford, MA 01730.

votes cast to accept or reject the *Debtors' Joint Prepackaged Chapter 11 Plan of Reorganization of iRobot Corporation and Its Debtor Affiliates* (as may be amended, supplemented, or modified from time to time, the "Prepackaged Plan"),[2] filed contemporaneously herewith.  Stretto assisted the Debtors in connection with their prepetition solicitation efforts and is prepared to continue providing such services upon the Court's entry of an order approving its retention.

3.      Also on the date hereof, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Scheduling Combined Hearing On (A) Adequacy of Disclosure Statement and (B) Confirmation of Prepackaged Plan; (II) Conditionally Approving Disclosure Statement; (III) Approving Solicitation Procedures and Form and Manner of Notice of Commencement, Combined Hearing, and Objection Deadline; (IV) Fixing Deadline to Object to Disclosure Statement and Prepackaged Plan; (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (VI) Conditionally (A) Directing the United States Trustee Not to Convene Section 341 Meeting of Creditors and (B) Waiving Requirement of Filing Statements of Financial Affairs, Schedules of Assets and Liabilities, and 2015.3 Reports; and (VII) Granting Related Relief* (the "Scheduling Motion").

4.      I submit this Declaration with respect to the solicitation of votes and the tabulation of Ballots cast on the Prepackaged Plan. Except as otherwise noted, all facts set forth herein are based on (a) my personal knowledge, (b) knowledge that I acquired from individuals under my supervision, and (c) my review of relevant documents.  If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.  I am not being compensated separately for this Declaration or any related testimony.

---

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Prepackaged Plan or the Scheduling Motion (defined herein), as applicable.

### Service and Transmittal of Solicitation Packages and the Tabulation Process

5.      Prior to the Petition Date, the Debtors established December 13, 2025, as the record date (the "Voting Record Date") for determining which Holders of Claims were entitled to receive a Solicitation Package and, where applicable, vote on the Prepackaged Plan. In accordance with the terms of the Prepackaged Plan, **Claims in Class 3 (First Lien Claims) and Class 4 (Picea HK Supply Agreement Claims)** (together, the "Voting Classes") are Impaired and entitled to vote.

6.      Stretto worked closely with the Debtors and their advisors to prepare and administer the Solicitation.  The Debtors provided Stretto with the identity, classification, Eligible Holder status, and voting amounts associated with the Holder of Claims in Class 3 and Class 4. Stretto relied on this information to create a voting database reflecting the Holder's name, address, voting amount, Eligible Holder status, and Prepackaged Plan classification.

7.      On December 14, 2025, at my direction and under my supervision, employees of Stretto served the Solicitation Packages (including the Ballots), each containing the Disclosure Statement, the Prepackaged Plan, applicable exhibits, and the appropriate Class 3 or Class 4 Ballot, via electronic mail to the Holder in each Voting Class, each of which was properly executed and voted to **accept** the Prepackaged Plan.  No Solicitation Packages were returned as undeliverable.[3]

---

[3]     An affidavit of service evidencing Stretto's service of the Solicitation Materials will be filed with the Court on or about the Petition Date.

8.      Furthermore, free copies of the Prepackaged Plan and all other documents filed in these Chapter 11 Cases were made available at https://cases.stretto.com/iRobot.

9.      Stretto received and tabulated the Ballots as follows:

(a)      Ballots were submitted by email.

(b)      All Ballots received were then tabulated by Stretto in accordance with the Solicitation Procedures.

10.     For a Ballot to be counted as valid, the Ballot was required to have complied with the Solicitation Procedures, including the requirement that the Ballot be properly completed, executed by the Holder of the Claim (or such Holder's authorized representative), submitted by an entity entitled to vote, and received by Stretto on or before the Voting Deadline.  Ballots that do not comply with the Solicitation Procedures will not be counted.  Except as set forth herein or in the attached exhibits, (a) all Ballots that complied with the Solicitation Procedures were tabulated in accordance with the tabulation rules contained therein, which were not modified in any respect, (b) there were no defects or irregularities with any of the Ballots, and (c) no votes were changed or modified after they were cast without the express written consent to do so by the Holder of the applicable Claim (or such Holder's authorized representative) pursuant to the Solicitation Procedures.

11.     Stretto is in possession of each of the Ballots it has received, and copies of the same are available for review during Stretto's normal business hours of 9:00 a.m. to 5:00 p.m. (prevailing Pacific Time).

12.     I hereby certify that the results of the voting by the Holders of Claims in the Voting Classes are as set forth in **Exhibit A** to this Declaration, which is a true and correct copy of the final tabulation of votes cast by timely and properly completed Ballots received by Stretto.

13.    I hereby certify that attached hereto as **<u>Exhibit B</u>** is a detailed voting report of all tabulated Ballots submitted to Stretto as of the filing of this Declaration.

*[The remainder of this page is intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  December 14, 2025          */s/ Selwyn Perry*
_____
                                   Selwyn Perry
                                   Director
                                   Stretto, Inc.

## Exhibit A

### Tabulation Summary

**Confirmation of Prepackaged Plan: Class 3 Ballot – First Lien Claims**

|  | Count | % |  | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 1 | 100% |  | $184,102,977.30 | 100% |
| Reject: | 0 | 0% |  | $0.00 | 0% |
| Opt-In Release Election: | 1 |  |  |  |  |
| Tabulated Ballot Totals: | 1 |  |  | $184,102,977.30 |  |
| Not Tabulated: | 0 |  |  |  |  |

**Class 4 Ballot – Picea HK Supply Agreement Claims**

|  | Count | % |  | Dollars | % |
|---|---|---|---|---|---|
| Accept: | 1 | 100% |  | $ 73,199,172.65 | 100% |
| Reject: | 0 | 0% |  | $ 0.00 | 0% |
| Opt-In Release Election: | 1 |  |  |  |  |
| Tabulated Ballot Totals: | 1 |  |  | $73,199,172.65 |  |
| Not Tabulated: | 0 |  |  |  |  |

**Exhibit B**

**Detailed Voting Report of All Tabulated Ballots**

| Ballot #/ Participant # | Class | Name | Date Submitted | Voting/Shares Amount | Accept or Reject? | Opt-In Box Checked |
|---|---|---|---|---|---|---|
| 1 | 3 | Picea | 12/14/2025 | $184,102,977.30 | Accept | X |
| 2 | 4 | Picea | 12/14/2025 | $73,199,172.65 | Accept | X |